**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 06-20166-Civ-Lenard/Torres

MARJORIE FLEURY,

    Plaintiff,

v.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES,
a Florida Corporation,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY

This matter comes before the Court on Plaintiff's Motion to Compel Discovery [D.E. 24] and Plaintiff's Motion to Compel Deposition [D.E. 25]. The Court has reviewed the motions and Defendant's response. This matter is now ripe for disposition.

In her first motion, Plaintiff seeks copies of any x-rays taken of Plaintiff aboard the Carnival *Fascination* during the cruise described in the Complaint. Plaintiff served her First Request for Production on Defendant, wherein she requested that Defendant provide: "Copies of medical records and reports relating to Plaintiff's past and present condition, other than those supplied by Plaintiff." Plaintiff states that her counsel and counsel for Defendant discussed on several occasions retrieving the x-rays taken of Plaintiff's injury by the cruise ship's doctor. Defendant counters that, to respond to Plaintiff's First Request for Production, it had to obtain boxes of x-rays and medical records from the ship's storage facility and then have one of its employees search all boxes for x-rays of Plaintiff's ankle. Defendant asserts that it has been unable to locate any x-rays.

The Court cannot grant the motion to compel for two reasons. First, Defendant has represented that it is not in control or possession of the documents in question. On its fact that representation would be enough for the Court to deny a motion to compel, subject to additional information produced in discovery that questioned the reliability of the representation. No such information is available at this point. Second, it appears that the motion is very untimely under S.D. Fla. Local R. 26.1.H, as the circumstances surrounding the production of these records should have been raised much earlier than they were. On either ground, there is no basis to compel any production of these records.

Plaintiff then seeks to compel the appearance of Dr. Maria Alberts at deposition. Dr. Alberts's deposition was previously scheduled for April 7, 2006, but there is no question of fact in the record that such deposition was cancelled at Defendant's request. Plaintiff asserts that she requested new deposition dates for Dr. Alberts, but Defendant then refused to produce Dr. Alberts for deposition. Defendant counters that Dr. Alberts does not work for Defendant as of March 2006 and that it provided Plaintiff's counsel the last known address of Dr. Alberts in South Africa on February 27, 2007.

The problem is that Plaintiff agreed to reschedule the April 7th deposition at Defendant's request and that Defendant did not notify Plaintiff of Dr. Alberts' resignation until approximately one year later, despite apparent repeated requests for that to occur. Defendant admits that it did not inform Plaintiff's counsel of the unavailability of the doctor until February 2007, well after the discovery cutoff in the case. Therefore, in effect Defendant's failure to timely respond to the requests for discovery has prejudiced Plaintiff in prosecuting its case. Had that information been timely provided, Plaintiff would have had time to make necessary arrangements to secure the witnesses's testimony.

Of course, the same timeliness problem identified above would also apply to this issue. The motion to compel should have been filed, at the latest, by October 2006. The

Court, in this case, will not strictly enforce that rule because Defendant should not benefit from an implied representation it made to Plaintiff to produce the witness on alternative dates, following the requested cancellation of the April deposition. At the very least, Defendant had an obligation to disclose the witness's absence by the cutoff date. The Defendant's failure to do so should estop it from benefitting from rigid application of Rule 26.1.H in this respect.

Defendant, therefore, shall now produce Dr. Alberts – to the extent it can locate her through all reasonable measures that Defendant shall document – and arrange for the deposition by April 13, 2007. If Dr. Alberts cannot be located within the district, the deposition may be conducted by video conference, and it shall be arranged by Defendant at its own expense.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Discovery [D.E. 24] is **DENIED** and Plaintiff's Motion to Compel Deposition [D.E. 25] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of April 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge

cc:
Honorable Joan A. Lenard
All counsel of record